IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MARIANNE ASANTE-APPIAH, Individually**             **PLAINTIFF**
**and on Behalf of All Others Similarly Situated**

vs.             No. 1:22-cv-6311

**PANDUIT CORP.**             **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Marianne Asante-Appiah ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendant Panduit Corp. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and others similarly situated sufficient overtime wages under the FLSA, the IMWL and the IWPCA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges violations of the IMWL and the IWPCA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL and IWPCA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Cook County.

11. Defendant is a foreign, for-profit corporation.

12. Defendant's registered agent for service of process is Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

13. Defendant, in the course of its business, maintains a website at https://www.panduit.com/.

## IV. FACTUAL ALLEGATIONS

14. During the three years preceding the filing of this lawsuit, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

16. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. Defendant employed Plaintiff from November of 2015 until the present, and Plaintiff has worked for Defendant as a salaried Client Success Manager ("CSM") for approximately the past two years.

18. Defendant also employed other salaried CSMs within the three years preceding the filing of this lawsuit.

19. At all times material herein, Plaintiff and other CSMs have been entitled to the rights, protections, and benefits provided under the FLSA.

20. At all times material herein, Plaintiff has been classified by Defendant as exempt from the overtime requirements of the FLSA and was paid a salary.

21. Defendant also classified other CSMs as exempt from the overtime

requirements of the FLSA and paid them a salary.

22. At all relevant times herein, Defendant directly hired Plaintiff and other CSMs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23. As a CSM, Plaintiff's primary duties were to assist in the growth of specific accounts. Specifically, Plaintiff was responsible for attending meetings and working with her team to satisfy client needs.

24. Other CSMs had the same or similar duties as Plaintiff.

25. Plaintiff did not have the authority to hire or fire any other employee, nor were her recommendations as to hiring or firing given particular weight.

26. Other CSMs did not have the authority to hire or fire any other employee, nor were their recommendations as to hiring or firing given particular weight.

27. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

28. Other CSMs did not exercise independent judgment as to matters of significance in carrying out their duties.

29. In carrying out their duties, Plaintiff and other CSMs followed the policies and processes set by Defendant or others.

30. The duties of Plaintiff and other CSMs were rote and routine, and they sought input from supervisors when their duties were not rote and routine.

31. Plaintiff regularly worked more than forty hours per week.

32. Upon information and belief, other CSMs also regularly or occasionally

worked more than forty hours per week.

33. Defendant regularly assigned Plaintiff and other CSMs so much work that they could not complete their work in under 40 hours in a week.

34. Plaintiff was often required to attend meetings set for early in the morning or in the evening to accommodate the schedules of clients in different time zones.

35. Plaintiff also worked during ordinary business hours.

36. Upon information and belief, other CSMs also regularly worked more than 40 hours per week during the relevant time period and had similar schedules to Plaintiff.

37. Defendant did not pay Plaintiff or other CSMs 1.5x their regular rate for hours worked over 40 each week.

38. Defendant did not have a timekeeping system whereby Plaintiff or other CSMs could record and submit their time to Defendant.

39. Most of the work Plaintiff and other CSMs completed was time stamped in the form of phone calls, emails or calendars.

40. Defendant knew or should have known that Plaintiff and other CSMs were working hours over forty each week.

41. Plaintiff worked over forty hours—and therefore incurred damages—in most weeks that she worked for Defendant.

42. Specifically, but without limitation, Plaintiff worked more than forty hours and incurred damages in each of the weeks of February 7, 14 and 21, 2022.

43. At all relevant times herein, Defendant has deprived Plaintiff and other CSMs of regular wages and overtime compensation for all hours worked.

44. The net effect of Defendant's practices and policies regarding Plaintiff's

job duties and pay, as described above, is that Defendant intentionally misclassified her as a salaried employee in order to avoid paying her an overtime premium for hours worked over forty each week.

45. Defendant made no reasonable efforts to ascertain and comply with applicable law.

46. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

47. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs.

48. Plaintiff proposes the following collective under the FLSA:

> **All salaried Client Success Managers, or all salaried employees whose duties were the same or substantially similar to Client Success Managers, who received payment from Defendant within in the past three years.**

49. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

50. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid a salary;

B. They were classified as exempt from the overtime requirements of the FLSA;

C. They had substantially similar job duties and requirements;

D. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit; and

E. They were not paid for hours worked over forty each week.

52. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds ten persons.

53. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

54. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

55. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendant was Plaintiff's "employer" within the

meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60. During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

61. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

62. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
**(Collective Action Claim for Violation of the FLSA)**

64. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. Defendant misclassified Plaintiff and other similarly situated employees as exempt from the overtime provisions of the FLSA.

68. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week, despite their entitlement thereto.

69. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

70. Defendant knew or should have known that its actions violated the FLSA.

71. Defendant's conduct and practices, as described above, were willful.

72. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

73. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described

above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the IMWL)

75. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

76. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

77. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

78. Defendant misclassified Plaintiff as exempt from the overtime provisions of the IMWL.

79. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

80. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by

the IMWL for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

82. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX. FOURTH CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

83. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IWPCA, 820 ILCS 115/1, *et seq.*

84. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

85. At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

86. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

87. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

88. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS

115/5.

89. Defendant did not pay Plaintiff all wages and final compensation due.

90. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

91. Defendant knew or should have known that its actions violated the IWPCA.

92. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Marianne Asante-Appiah, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the IWPCA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL, the IWPCA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the IWPCA and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MARIANNE ASANTE-APPIAH,
Individually and on Behalf
of All Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Krista Sheets
Krista Sheets
Wash. Bar No. 40100
krista@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com